All rise. The Illinois Appellate Court, third division, is now in session. The Honorable Justice Jesse G. Behez is presiding. Morning, ladies and gentlemen. Morning, ladies and gentlemen. I just want to make sure you're all awake. Okay. Do you have a seat, please? Okay. Oh, I'm sorry. Yeah, go ahead. I always jump the gun. People v. Black. All right. With counsels who are going to argue this matter, please approach the bench and identify yourselves and the party that you represent, please. Morning, Your Honors. I'm Brian Carroll from the State Appellate Defenders, representing the appellant, Henry Black. Good morning, Your Honor. Taylor Santel, representing the people. Okay. Thank you very much. All right. So 15 minutes apiece. Time for rebuttal? How much time do I have? Three minutes. Three minutes? Okay. All right. Ready to proceed? Yes, Your Honor. Morning, Your Honors. Counsel, may it please the Court. This Court should reverse the dismissal of Henry Black's post-conviction petition and remand for new second-stage proceedings because his post-conviction counsel provided unreasonable assistance by failing to fulfill his duties under Illinois Supreme Court Rule 651C. Well, let me ask you this, Counsel. Should we even be here? I mean, he's already finished his MSR, right? He's been released. So, you know, why are we here? Well, he still has a conviction on his record, Your Honor, that particularly in a sex-related crime has very serious implications for his future employment, among other things. Is he on the sex offender registry? Yes. So, yes, he has very strong interest in why he would want this conviction removed. Is there any authority to that effect? That he want? Authority that he wants? Yes. I mean, you're saying that, you know, he has an interest here. But there's other cases. Aren't there cases that indicate that once you're done, you're done? So the issue is moot at this point. Since he's now out and the Post-Conviction Act deals with people who are incarcerated, your client is no longer incarcerated. So Justice Reyes is asking, what's the authority for asking us for the relief that you're asking us for when your client's been released from the Illinois Department of Corrections? Well, since this issue wasn't brought up, I don't have any direct cases in mind. However, the triggering time for when an inmate is able to initiate post-conviction proceedings is when they are still incarcerated. So that's what he did in this case. The post-conviction proceedings were initiated when he was still an inmate. The fact that he was released subsequently during the pendency of it does not bring the case outside the scope of the post-conviction current act. And again, the fact that the continued effects of having a conviction on his record, which he could potentially remove if his petition is successful, that means the situation is not moot. He is potentially able to get substantial relief for himself if his petition is successful. So does it matter that the gentleman may have had a mastectomy or was sterile, since the trial court really didn't consider that? Does it matter in terms of whether or not... In terms of our decision, should we really take that into consideration, since the trial court didn't really consider it as well? It should take it into consideration to the extent that post-conviction counsel raised the issue in the supplemental petition. By including the issue in the petition, it indicates that counsel believed that the issue had sufficient merits to proceed on. And again, this is similar to the recent case of People v. Weiss, which Blackworth cited as additional authority. That in Weiss, the court held that since counsel included, by including a claim in a post-conviction petition or an amended petition, it indicates that counsel believes the issue has sufficient merit to be worth pursuing. And thus, under the Illinois Supreme Court's holdings in Agee and Addison, counsel has a duty under Rule 651C to make sure that the claim is properly presented, and that includes presenting necessary supporting evidence. And in this case, counsel raised the issue in the supplemental petition. He didn't simply stand on the pro se petition. So what should he have done in addition to amending it and filing his certificate under 651C? Well, what he should have done... He or she. I'm sorry. I don't know if it was a he. It was a he. Well, if he thought that this claim had merit, then he had a duty to present supporting evidence for the claim. And he did not do that in this case. What supporting evidence? What supporting evidence was out there that he could have attached? Again, he must have had a reason to, a basis for raising this claim, because if he did not believe that this claim had merit, or if there was no supporting evidence, he had an ethical duty not to raise it. So the fact that he raised it and didn't support it, that in itself is a violation of Rule 651C, and therefore he didn't provide reasonable assistance, and that requires remand without any additional showing of prejudice. So at this stage, we don't have to show what evidence he could have presented. The fact is, by filing a petition that raised the issue, he had a duty to present the evidence, and by not doing that, he violated his duty under the Supreme Court rules. So, and that, again, this is exactly what the court in Wise held, that in that case, the post-conviction counsel raised claims of, you know, that trial counsel was ineffective for not raising an alibi defense and not finding alibi witnesses, but the petition didn't ever argue, like, what the alibi would have been or what these witnesses' testimony would have argued. And there, it didn't matter that, you know, post and an appeal, the defendant wasn't required to say, like, well, this is what the alibi would have been or what the witnesses would have testified to. It was the fact that post-conviction counsel raised the issue without the necessary supporting evidence. That's what required the remand for a new second-stage proceedings. So on remand, you're asking us to send it back and appoint new counsel. Under the Supreme Court case of Urza, can we do that? I mean, didn't Urza say that you only get one bite of the apple? In terms of the counsel? Well, you're asking us to send it back and appoint a new counsel. Yeah. Well, the appointment of new counsel I don't think is absolutely necessary, but in this case, I mean, the criminal aspect is getting a new second-stage proceedings in which counsel would do better to be a new counsel since this counsel showed his incompetence. But otherwise, if this court doesn't think it's appropriate to appoint new counsel, then the same counsel could try to do a better job and hopefully that we're not back here again. But aren't we kind of restricted by people versus Urza? Actually, Your Honor, since this issue wasn't raised in the briefs, I'm not up on that. If you'd like supplemental briefing on it, I'd be happy to do so. I'll send this to you.  So, again, because post-condition counsel in this case raised the issues of, again, that trial counsel should have sought to reopen evidence to demonstrate that Mr. Black was neither sterile nor had a vasectomy and that trial counsel is ineffective for not investigating A.F.'s cousin's father as a potential offender without introducing or identifying any evidence that any that could potentially be brought out in that investigation. Counsel did not fulfill his duties under Rule 651C, and, therefore, remand is required without any additional showing of prejudice. We have two minutes for rebuttals. Any other questions? No. Okay. Thank you. We just ask that you remand him for new second-stage proceedings. Thank you. State. Good morning, Your Honors. May it please the Court. This is a case where post-conviction counsel did fulfill the duties of Rule 651C, and the defendant has failed to show otherwise. The post-conviction or, excuse me, the pro se petition alleged ineffective assistance of counsel but failed to argue prejudice. It did not have any case law cited, didn't have any standards of review. On its own, without amendment, it's guaranteed dismissal. Post-conviction counsel, fulfilling the duties of Rule 651C, added arguments about prejudice, expanded or developed the arguments that defendant was raising in the pro se petition. How do you respond to counsel's theory that once post-conviction counsel amended that petition and added some detail, he should have then attached some supporting evidence, like an affidavit or something? So wasn't post-conviction counsel negligent in not doing so? No, Your Honor. Amending to fix what was missing from the pro se petition is exactly what appointed counsel is supposed to do under Rule 651C. And the State's position is that it's not adding new claims. The two that are identified by defendant, those are not adding new claims. Those are, as Your Honor said, details, expansion of the argument, if you will. And even with amending or filing a supplemental petition, it does not necessarily mean that documentation is necessary or in this particular instance even guaranteed to be helpful. A document or... What about an affidavit of his own saying, you know, I had a vasectomy or I'm sterile? Would that be sufficient, Your Honor? Or is it self-serving? Yes, it is self-serving. But depending on what the answer is, it may actually be harmful to the defendant. If he said that he had had a vasectomy, that would be consistent with the evidence from the Vangelis law. But if the affidavit said, I've never had a vasectomy and I'm not sterile? Unless the defendant was able to say that he knows that he's not sterile, it doesn't help. And the trial, excuse me, the trial court... Well, he's had a baby with A.S. Cousin, right, with Rashaun? Yes. So he's probably not sterile, right? It is possible that he is not, but it is also possible that he is. Are you saying maybe because he had the baby, he had a vasectomy? It is possible that he had a vasectomy. It's possible that he did it. But as far as it being helpful to the argument that he is trying to make that trial counsel was ineffective, the answer of whether he had a vasectomy or not, or whether he was sterile or not, could be harmful and doesn't help, especially since... How is it harmful? If he had had a vasectomy, then the vaginal swab not having spermatozoa in it would be consistent with coming from the defendant. The only way that it would be helpful is if he could prove or establish that he was not sterile at the time. That would also open up the defendant, if he were to testify at trial to that, to cross-examination. It would not be helpful. Plus, the trial counsel in this case, during the ruling, didn't consider whether the defendant was sterile or not sterile, had a vasectomy or not. The trial court mentioned that there were no signs of trauma on the victim, which may be consistent with the short assault, which may also be the reason there was no spermatozoa in it. But the bottom line is we don't have an affidavit, right? Shouldn't counsel at least obtain an affidavit saying yes or no? Not if the answer would have been harmful, and we do not know that the conversation between counsel and the defendant didn't happen, and counsel, in his duties as an attorney, determined that it would not be helpful to add an affidavit. Also, the defendant has not appeared in court since 2020. It is not obvious that an affidavit would be readily available at the time that counsel filed his Rule 651C. So under that, in regards to communication, should we have had a little more specificity with regards to how counsel communicated with Mr. Black? I mean, we kind of get an alphabet soup of tags, facts, and so on and so forth, but we don't know specifically how did he communicate with Mr. Black. Is that under the rule? Do we need more specificity or don't we? No, Your Honor. Counsel filing the Rule 651C saying that he did communicate with defendant and reviewed the record and made what was necessary amendments is his pledge that he did fulfill the requirements. He did speak with defendant. There's nothing in the record. Don't we need to know how he communicated with him? That would be beyond what is required under the rule and also possibly problematic because if the answer to the question of whether it had a vasectomy or not is inculpatory, counsel wouldn't want to put that on the record. Are you aware of any authority that says that one way or another we don't need a specific means of communicating with the defendant or not? No, Your Honor. I don't have a specific case. However, the opposite as far as proving that counsel was deficient in that is supported by the record, and in this case, the record supports that he did exactly what he said in Rule 651C. You spoke about the prejudice argument a few minutes ago. Yes. And haven't you taken inconsistent positions on whether post-conviction counsel raised a prejudice argument when comparing your motion to dismiss below and your brief here? They're not inconsistent because where we are in the procedure is different. Motion to dismiss does absolutely make the argument that prejudice had not been shown, not that it had not been alleged, but that it had not been shown, which is true. The defendant has not established that he did suffer any prejudice from any alleged deficiency by trial counsel. Well, then, isn't that a deficiency of post-conviction counsel not to have shown it? If it were possible to show prejudice and counsel did not, yes. But in this instance, prejudice cannot be shown because the defendant didn't suffer prejudice. Well, what about the trial judge misstating or misconstruing or totally disregarding evidence during this trial? Isn't that a prejudice to the defendant in terms of his cause? The specific no, Your Honor, because in this instance, the trial court, while he does make the statement that the defendant was the only male in the household, the entire ruling does show, because the trial court stated earlier in the ruling that Graylawn Jameson was in the house. So the whole ruling does not show that the trial court was unaware of the presence of Graylawn Jameson. So the one sentence that the defendant takes in a vacuum is not a basis for prejudice. It is clear from the entire ruling that the trial court was aware of all the evidence. Even whether or not this gentleman was sterile or had a vasectomy, right? Yes. Because it doesn't appear to be in the record that the trial court considered it. It is not in the record, whether he is or is not. Isn't that prejudicial to the defendant? Again, only if the answer to the question is that the defendant can prove that he was, in fact, not sterile at the time. Otherwise, it is exactly what the trial court considered, which is it's possible that the shortness of the assault is the reason for that, but the trial court did not dwell on that. There was plenty of other evidence establishing defendant's guilt. Does it matter that this was a bench trial? It does when analyzing the finding of guilt or not. A bench trial being there's a presumption that the trial court considered only appropriate evidence, unlike a jury. The standard for challenging a ruling of a trial court is much higher as far as And in post-conviction proceedings, guilt or innocent should not be re-evaluated. Let me ask you the same question I asked counsel about Mr. Black being out of prison and is off of Nassar. Is that something that we should consider at all? I also do not have case law that necessarily says that, and that's certainly not an argument that I made in the brief. However, not only it being moot, also the idea that a defendant would be able to eventually get his conviction overruled is one very slim possibility. But if this goes to a second trial, the defendant is subjecting himself to additional jeopardy and could face harsher punishments. So while I do not believe that he is precluded, it does seem that there's not much advantage for him. And it is taking up time. Justice Walker mentioned that he may ultimately end up on a list, right? Yes. Which is going to be with him the rest of his life. So isn't that a thing that we should consider here as well or not? The defendant is able to bring it as we are here. Whether it was a wise choice or not is not for State to decide. We are here responding to the brief. Okay. Any questions? No. No questions. We still have a couple of minutes if you want to sum up. In this particular instance, Your Honor, this is a good example of a post-conviction following Rule 651C providing the assistance at the second stage, but it is also appropriate that the petition was dismissed. And we would ask for these reasons and those in the people's briefs, we would ask that the Court confirm the second stage dismissal of the petition. Thank you. Thank you.  I'm going to try to be brief, Your Honors. First, the State's argument that we haven't, we can't show that any of the evidence that post-conviction counsel failed to introduce would have been helpful is a red herring. We don't have to make that shown at this stage. The question simply is, did post-conviction counsel properly present the claims that he believed were worthy to raise in the post-conviction petition, and he did not? Second, in terms of whether or not these new claims, the claims that trial counsel should have reopened, or sought to reopen the evidence and investigate A.F. Cousin's father, those were not raised at all in the post-conviction petition. The State doesn't cite anywhere in the pro se petition where those states were claimed. So they are a new claim, but ultimately I don't think that really matters because to the extent that counsel expanded on the pro se claims in his supplemental petition, raised the duty under Rule 651C to provide sufficient supporting evidence, which he failed to do in this case. So, again, we ask this Court to remand the case for new second-stage proceedings. Thank you. Thank you. Thank you, Rob. This was an interesting case, and this Court will take it under advisement. We have nothing else in front of us today. The Court is adjourned.